UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LYLE E. FUNDERBURK,

                Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

                Defendant.

No. CV 06-33-MO

OPINION & ORDER

**MOSMAN, J.,**

      The Commissioner filed a motion to remand (#19) this social security case for further proceedings conceding the administrative law judge ("ALJ") erred in his treatment of substantially all the evidence in this case, but arguing further proceedings were necessary to allow the ALJ to "reconsider all medical source opinions of record, Plaintiff's and the lay witness' [sic] testimony, and issue new residual functional capacity findings." Mot. to Remand at 4. In response, Mr. Funderburk argues the court should credit as true the wrongly rejected evidence and remand for an immediate payment of benefits. Mr. Funderburk contends further proceedings are unnecessary because, when credited, the wrongly rejected evidence clearly establishes disability. For the following reasons, I agree with Mr. Funderburk that further proceedings are unnecessary, and I REMAND under sentence four of 42 U.S.C. § 405(g) for an IMMEDIATE

PAGE 1 - OPINION AND ORDER

AWARD OF BENEFITS.

## I. BACKGROUND

Mr. Funderburk filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits in May 2003. He alleges disability as of February 28, 2001, due to his mental health condition. The ALJ held a hearing on April 7, 2005, at which Mr. Funderburk and Vocational Expert ("VE") Nancy Bloom testified. Mr. Funderburk was represented by counsel. At the time of the hearing, Mr. Funderburk was 51 years old. He has a high school education with two years of college, and his work history includes laundry worker, inventory clerk, and medical records clerk. On April 28, 2005, the ALJ denied Mr. Funderburk's applications for benefits finding he retained the residual functional capacity ("RFC") to "perform simple routine repetitive work," including his prior experience as a laundry worker. Tr.[1] at 26. Mr. Funderburk appealed to the Appeals Council, which denied review on November 8, 2005.

## II. DISCUSSION

Under sentence four of 42 U.S.C. § 405(g), it is appropriate to remand a case in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. The decision whether to remand for further proceedings or for immediate payment of benefits is within the court's discretion. *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). Generally, courts award benefits "when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion." *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (citation omitted). On the other hand, a remand for further administrative proceedings "is

---

[1]"Tr." refers to the "Transcript of Social Security Administrative Record."

appropriate where additional administrative proceedings could remedy defects" in the ALJ's decision, *id.* (internal quotation marks and citation omitted), or where "enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), the Ninth Circuit established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Under this test, such a result is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.7.

Here, Mr. Funderburk argues the ALJ erred in his treatment of examining neuropsychologist Dr. Lange, and Drs. Hennings and LeBray, both Department of Disability Services ("DDS") consulting psychologists. Dr. Lange examined Mr. Funderburk in December 2002 and diagnosed cognitive disorder NOS, schizoaffective disorder with depressive and anxious features, mixed personality disorder with schizoid traits, and fine motor coordination problems. Tr. at 218. Concerning Mr. Funderburk's ability to work, Dr. Lange concluded:

> His complex mix of cognitive impairment, emotional impairment and anxiety and depression can be a problem with on the job relationships. . . . Furthermore, there is a complex mixture of personality features that may get in the way of supervision . . . . His supervisor will need to be sensitive [sic] these and handle it with congruence and unconditional positive regard.

Tr. at 219. Dr. Lange also noted Mr. Funderburk has problems with memory, understanding and performing complex instructions, and concentrating on a specific task. *Id.*

PAGE 3 - OPINION AND ORDER

Dr. Hennings completed a mental RFC assessment of Mr. Funderburk, concluding he is markedly limited in his ability to understand, remember, and perform complex instructions; maintain concentration for extended periods; and "respond appropriately to changes in the work setting." Tr. at 243-44. Dr. Hennings also found Mr. Funderburk is moderately limited in his ability to "accept instructions and respond appropriately to criticism from supervisors." Tr. at 243. Dr. LeBray affirmed Dr. Hennings' assessment. Tr. at 245.

These medical opinions are uncontradicted. In fact, the medical source the ALJ primarily relied on, DDS consulting psychologist Dr. Kolilis, stated, "The cognitive picture presented by Dr. Lange is thorough, and consistent with this examiner's observations and impressions of Mr. Funderburk." Tr. at 239. Further, at the hearing before the ALJ, the VE was asked whether a person with Mr. Funderburk's background and RFC, as defined by the ALJ, is employable. The VE responded that such a person could perform Mr. Funderburk's past work as a laundry worker. Tr. at 319. However, she further testified that adding a concentration and pace, inability to respond to changes in the workplace, or special supervision limitation would make a person with Mr. Funderburk's background unemployable. Tr. at 319-20. As to a supervision limitation, the VE explained, "My experience is that a person with even a moderate limitation in responding appropriately to supervision is going to be precluded from employment." Tr. at 320.

On the facts of this case, I credit this medical evidence as true. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). I further find that when credited, the evidence establishes disability and there are no outstanding issues to resolve before an award of benefits can be made. *Harman*, 211 F.3d at 1178. Therefore, further proceedings would not be useful in this case, and I exercise my discretion to remand for an

PAGE 4 - OPINION AND ORDER

immediate payment of benefits.  Given this conclusion, there is no need to address Mr. Funderburk's remaining arguments.

### III.  CONCLUSION

The Commissioner's decision is REVERSED and the case is REMANDED FOR AN IMMEDIATE PAYMENT OF BENEFITS.

IT IS SO ORDERED.


DATED this   25th   day of January, 2007.


                                              /s/ Michael W. Mosman
                                              MICHAEL W. MOSMAN
                                              United States District Judge